Littles et al., Appellants, *v.* Avis Rent-A-Car System.

Argued October 10, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Francis H. Patrono,* with him *Robert D. Beck,* and *Patrono, Ceisler and Edwards,* for appellee.

74

This is an appeal from the Order of the Superior Court which in a per curiam opinion affirmed the Order of the Court of Common Pleas which had dismissed plaintiffs' motion to take off a compulsory nonsuit. The question to be resolved is whether the lessor of a motor vehicle is liable for damages to a passenger in a van type truck when the lessee-driver of said vehicle drove it into an overhead railroad bridge.

On August 15, 1962, Alfred Kemp rented an eight-ton truck from the Avis Rent-A-Car System. At the time of the rental, Kemp was asked whether he had had any experience in driving a truck; he replied that he had had experience in driving a pickup truck. In order to complete the transaction, Kemp produced his driver's license duly issued by the Commonwealth of Pennsylvania. Kemp was then given a receipt which, among other things, showed that the height of the truck was twelve feet.

On the same day as he rented the truck, Kemp attempted to drive the truck under a railroad bridge which was less than twelve feet high. The top of the truck hit the bridge, causing personal injury to the minor plaintiff, who was Kemp's passenger in the truck.

Plaintiffs brought suit against the Avis Rent-A-Car System, alleging that Avis was negligent in renting its truck to a person it should have known lacked the proper experience to drive such a vehicle. There are no Pennsylvania cases directly in point and the cases which plaintiffs cite from other jurisdictions do not support them. We need not decide whether Section 390 of the Restatement 2d, Torts, page 314 (1965), upon which plaintiffs also rely, should be adopted by us, because plaintiffs have failed to bring themselves within its language.

Plaintiffs assume that because the driver hit the railroad overpass, he must have been incapable of properly driving the truck. It is quite possible, however, that the accident was not due to the inexperience or incompetency of the driver, but rather to mere lack of attention or error in judgment on his part.

Not only did defendant's agent make inquiries about Kemp's previous experience in driving trucks, but he also requested and was shown by Kemp a valid driver's license issued to him by the Commonwealth. The prerequisites for the issuance of such a license are clearly set forth in Section 608(a) of the Act of Assembly of April 29, 1959, P. L. 58, 75 P.S. §608(a) : "(a) Before issuing an operator's license to any permittee, except as otherwise provided, the secretary shall require the applicant to demonstrate personally to him, or his representative, in such manner as the secretary may direct, that such applicant is a proper person to operate a motor vehicle or tractor, has sufficient knowledge of the mechanism of motor vehicles or tractors to insure their safe operation, and a satisfactory knowledge of the laws and regulations concerning motor vehicles or tractors and their operation." This Court has said, in *Piquet v. Wazelle*, 288 Pa. 463, 465, 136 Atl. 787 (1927) : "It will first be observed that an automobile is not an instrumentality inherently dangerous . . . where it is driven by one regularly licensed, as here, and whose ability to operate has been certified to by the State, which authorizes the individual to control the car. Prima facie, under such circumstances, he is fit to do so. . . ."

Under the facts of this case, there is no evidence of any knowledge on the part of the lessor of lessee's inability to drive a truck or any reason for lessor to have taken any more precautions than it did before leasing the vehicle.

Order of the Superior Court affirmed.

Mr. Justice COHEN dissents.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

When Alfred D. Kemp entered the Avis office to rent a truck which was 24 feet long, eight feet wide and eleven feet high, the largest vehicle he had ever driven was a pick-up truck with considerably smaller dimensions. The only other evidence of his competence to handle this huge piece of machinery was his presentation of a valid Pennsylvania driver's license. Since the rental agent was aware of this limited experience with over-sized vehicles, I think the provisions of section 390 of the Restatement of Torts definitely should have applied. The section states: "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

Avis knew that Alfred Kemp was inexperienced in the driving of this size vehicle. He had never attempted to drive anything larger than a pick-up. Nor could the agents for Avis rely on the Pennsylvania driver's license he carried as proof of his competence despite this lack of experience. It is common knowledge that licenses are issued to any individual who is capable of driving an automobile, although such person by reason of his or her size or lack of strength would *never* be able to handle a huge tractor with its sophisticated transmission and braking systems. See *Piquet v. Wazelle*, 288 Pa. 463, 465, 136 Atl. 787, 788 (1927) (li-

cense only prima facie evidence of fitness). I think that simply by showing that Kemp's inexperience was known to Avis' agents, plaintiff brought herself within the exact terms of section 390, contrary to the holding of the majority.*

However, this does not end the inquiry. This case should be remanded for resolution of two different issues. The first is exactly what Avis' responsibility was once they realized their potential customer was unfamiliar with the operation of a twenty-four foot truck. It is a question for the jury what Avis in fact should have done to remove the taint of inexperience from the shoulders of Kemp. For example, a jury might determine that a simple warning about the major differences between this vehicle and the pick-up truck might have been sufficient. Perhaps Kemp should have been instructed about the differences in transmission, braking characteristics and size. Or it might be the judgment of the jury that the potential lessee should have been given a short demonstration drive to familiarize him with the operation of this ungainly vehicle. Whatever the jury's finding, even if it were to determine that a three hour or three day course was necessary to properly instruct Kemp, this clearly was an issue for its determination and should not have been taken away from the jury by the granting of the nonsuit.

---

* It is my view that section 390 requires, at a minimum, that lessor inquire as to the experience of the lessee in operating any unusual vehicle. Of course if the lessee lies and informs the rental agents that he has often driven a truck of this size, a plaintiff. would not be able to bring himself within section 390 unless there was some other reason why lessor should have known about lessee's inexperience. For example, if lessee demonstrates a great deal of difficulty in starting the vehicle or maneuvering it out of lessor's parking lot, lessor should not be allowed to rely on this misrepresentation. But if nothing suspicious occurs, lessor would be free of liability despite lessee's lie.

The second issue is equally appropriate for the jury. Once the jury decides that Avis was negligent for failing to rent either to an experienced individual or properly instruct one who was not, it still is their responsibility as in any other negligence case to decide whether this act of negligence was the proximate cause of the accident. For example, in this case, the reason Kemp hit the railroad bridge may have been his inexperience in driving tall vehicles and the failure to warn him that this was one of the dangers inherent in driving an eleven foot high truck. But the jury also could find the reason to be that Kemp simply failed to pay attention to the road at the time of the accident. In the latter case, as in other tort cases, the finding of negligence would not result in a recovery since the negligent act would not be the proximate cause of the accident. It certainly seems beyond doubt that the appropriate action for the trial judge was to allow the jury also to decide this issue.

Since I think the nonsuit was improperly granted I dissent from the majority opinion and would remand for a determination by the jury.