475 A.2d 837

**Margaret JAHN, Appellant,**

v.

**Dennis J. O'NEILL and VIP Car Rental, Inc.**

Superior Court of Pennsylvania.

Argued March 7, 1984.

Filed May 11, 1984.

Petition for Allowance of Appeal Denied Sept. 25, 1984.

Barbara G. DeMarest, Plymouth, for appellant.

Jay E. Mintzer, Philadelphia, for appellees.

Before ROWLEY, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

This matter is before the court on the appeal of Margaret Jahn from the lower court's grant of summary judgment in favor of VIP Car Rental, Inc., (hereinafter "VIP"), appellee. Appellant filed an action in trespass against Dennis J. O'Neill and VIP to recover for damages to her automobile incurred in an accident with an automobile operated by O'Neill and owned by VIP. VIP is an automobile lessor, and had leased the O'Neill vehicle to him. VIP moved for summary judgment on the basis that, as a matter of law, a lessor of a vehicle is not liable for property damage caused by its vehicle while driven by a lessee. Following the lower court's order granting VIP summary judgment, this appeal was filed timely.

To impose liability on a person for an injury resulting from the operation of a motor vehicle, "he must, *except where liability is otherwise imposed by statute,* either be in the actual operation thereof or in the control thereof, or stand in the relation of master or principal to the person whose act occasions the injury." 4 P.L.E. *Automobiles and Motor Vehicles* § 281 (emphasis added). Thus, the lessor of a motor vehicle is generally not liable for the negligence of a lessee while operating the vehicle. *Littles v. Avis Rent-A-Car System,* 433 Pa. 72, 248 A.2d 837 (1969); *Turley v. Kotter,* 263 Pa.Super. 523, 398 A.2d 699 (1979); *see also* 4 P.L.E. *Automobiles and Motor Vehicles* § 282, A lessor may be held liable, however, for the lessor's *own* negligence in leasing the vehicle for use by a person whom the lessor

has reason to know is incompetent. *Littles, supra;* RE-STATEMENT (SECOND) OF TORTS § 390 (1965).

Appellant does not contend that VIP should be held liable for O'Neill's negligence under the doctrine of *respondeat superior,* or that VIP was liable under § 390 of the Restatement of Torts for negligently leasing the vehicle to O'Neill. Instead, appellant's theory is that the Pennsylvania No-Fault Motor Vehicle Insurance Act [1] imposes liability on a lessor of a motor vehicle for property damage caused by a lessee's negligent operation of such vehicle.

Appellant relies on a provision of the No-fault Act which states:

> Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle.... Security shall be provided ... for the payment of damages for injury to or destruction of property in any one accident of amounts up to a total limit of five thousand dollars ($5,000).

40 P.S. § 1009.104(a). Appellant next points out that while this property damage coverage cannot be reached through No-fault basic loss benefits, 40 P.S. § 1009.103 (definition of "basic loss benefits"), it is available for any required tort liability, 40 P.S. § 1009.103 (definition of "insurance").[2] Then, in ascertaining the scope of this tort liability, appellant construes 40 P.S. § 1009.104(a) to statutorily *create* liability of an owner of a vehicle, for property damage caused by one who drives the vehicle with the owner's permission. Appellant concludes, therefore, that since O'Neill as a lessee was driving the vehicle with VIP's permission, VIP's required property damage coverage is

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101 *et seq.;* 40 P.S. § 1009.101 *et seq.*

2. The No-fault Act partially abolishes tort liability with respect to any "injury" that takes place in Pennsylvania. 40 P.S. § 1009.301(a). "Injury" is specifically defined to include *only* injury to the person or death, 40 P.S. § 1009.103 (definition of "injury"), and so the No-fault Act does not affect the existence of tort liability for injury to property.

available to appellant if appellant can prove its claim against O'Neill.

Appellant's construction of 40 P.S. § 1009.104(a) is misconceived. First of all, statutes are presumed not to make changes in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions. *Commonwealth v. Miller*, 469 Pa. 24, 364 A.2d 886 (1976); *Rahn v. Hess*, 378 Pa. 264, 106 A.2d 461 (1954). There is certainly no express declaration in 40 P.S. § 1009.104(a) that it is creating tort liability which previously did not exist, and so we must presume that the statute does not effect such a change. Indeed, appellant does not assert that this new tort liability is explicitly stated in 40 P.S. § 1009.104(a), but that it must be implied to give meaning to the requirement that an owner has to provide property damage insurance for those driving his vehicle with his permission.

Even ignoring the presumption that a statute does not change the law unless it does so expressly, appellant's reasoning that such a change can be implied from 40 P.S. § 1009.104(a) is erroneous. A close reading of that statute reveals that, contrary to appellant's belief, it does *not* require an owner to insure against property damage caused by one driving the vehicle with the owner's permission. The clause referring to operation by one with permission pertains only to which motor vehicle owners are required to provide coverage under the No-fault Act. Thus, owners who have vehicles registered in Pennsylvania, or owners whose vehicles are not registered here but are operated here either by the owner himself or with his permission, are required to provide security covering their vehicle. The clause relating to operation by permission, therefore, has absolutely nothing to do with the subsequent requirement describing the extent of property damage insurance which must be maintained on the vehicle. Reduced to its essence, the portion of 40 P.S. § 1009.104(a) regarding property damage insurance provides only that every motor vehicle owner shall provide property damage insurance covering his

vehicle, in an amount of $5,000. Such a construction does not give rise to any implication that the statute attempted to create liability of an owner for property damage caused by someone operating the vehicle with the owner's permission.

Finally, we note that appellant curiously has cited the case of *Lyngarkos v. Commonwealth, Department of Transportation,* 57 Pa.Commw.Ct. 121, 426 A.2d 1195 (1981). That case stands for the proposition that an action in tort exists against an automobile dealer for negligently issuing a temporary registration card and a license plate without first securing proof of No-fault insurance. That trespass action was based on a statutorily imposed duty that automobile dealers, as agents of the Department of Transportation, inspect all documents necessary for the proper registration of a motor vehicle. There being no duty, statutory or otherwise, on lessors of vehicles to make sure that lessees carry No-fault insurance, no corresponding tort liability can be predicated here.

Accordingly, the order of the lower court is affirmed.