## Maxwell v. Enterprise Leasing Company

*John D'Angelo,* for plaintiff.
*Christopher B. Sessa,* for defendant.

SURRICK, *J.,* August 22, 1989 — On March 28, 1989, an order was entered by this court, granting the motion of defendant, Enterprise Leasing Com-

pany, for summary judgment and dismissing plaintiff's complaint. Plaintiff has filed an appeal from that order, thus necessitating this opinion.

Pennsylvania Rule of Civil Procedure 1035 provides in pertinent part as follows:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any deposition, answers to interrogatories, admissions on file and supporting affidavits."

"(b) . . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . . "

Summary judgment should not be granted unless the case is free from doubt. *Hoover v. Whitmak Associates*, 371 Pa. Super. 443, 538 A.2d 524 (1988). Moreover, the moving party has the burden of establishing a genuine factual issue exists. *Weiss v. Keystone Mach. Sales Inc.*, 310 Pa. Super. 425, 456 A.2d 1009 (1983). In determining whether an issue of material fact exists, the record, including all well pleaded facts, must be examined in the light most favorable to the non-moving party, with all facts and the reasonable inferences to be drawn therefrom being taken in the light most favorable to the non-moving party. *Spain v. Vicente*, 315 Pa. Super. 135, 461 A.2d 833 (1983).

In the instant case, plaintiff's complaint seeks money damages from defendant for injuries sustained by plaintiff in an automobile accident. The entire record consists of plaintiff's complaint; the answer with new matter of defendant, Enterprise Leasing Company, to plaintiff's complaint; plain-

tiff's reply to defendant's new matter; plaintiff's answers to defendant's interrogatories; the motion of defendant, Enterprise Leasing Company, for summary judgment, attached to which is a copy of a lease agreement between defendant and Kenneth R. Hodges; and plaintiff's answer to defendant's motion for summary judgment, attached to which is a copy of a police report and a copy of the aforementioned lease agreement.[1]

This record, viewed in a light most favorable to plaintiff, establishes that on August 1, 1986, defendant, an automobile leasing company, leased a 1986 Chevrolet automobile to an individual by the name of Kenneth B. Hodges. When leasing the vehicle to Hodges, defendant failed to determine whether Hodges had complied with the Pennsylvania Financial Responsibility Law, requiring liability insurance. In addition, defendant failed to determine whether Hodges had a valid Pennsylvania driver's license.[2] On August 3, 1986, Kenneth B. Hodges,

1. Plaintiff has not suggested that the motion for summary judgment is premature or that additional pretrial discovery is contemplated.

2. The specific allegations of negligence against defendant are found in paragraphs 4, 5, and 6 of plaintiff's complaint, which provide as follows: "(4) On or about August 1, 1986, the defendant, through its duly authorized agent, negligently and carelessly leased said Chevrolet automobile to an individual known as Kenneth R. Hodges without first making a determination as to whether or not said individual had complied with the Pennsylvania Financial Responsibility Laws pertaining to maintaining motor vehicle liability insurance and without determining whether or not said individual maintained a valid Pennsylvania driver's license; (5) As a result of said negligent leasing practices, the defendant's agent turned over possession of the 1986 Chevrolet in question to Kenneth R. Hodges and as a result thereof, Hodges was operating said vehicle on Sunday, August 3, 1986, northbound on Broad Street when it contacted a motor vehicle owned and operated by the plaintiff in the rear, causing plaintiff to be injured and his vehicle to be damaged; and (6) The

while operating the leased vehicle in a negligent manner, caused the vehicle to collide with the rear end of plaintiff's 1978 Dodge automobile, causing injury to plaintiff, who was then operating his vehicle.

Defendant's motion for summary judgment asserts that plaintiff has failed to establish a cause of action against defendant upon which relief can be granted. Defendant argues that, even assuming that defendant leased the subject vehicle to Hodges, that Hodges negligently caused the accident, that defendant failed to ensure that Hodges had complied with the Pennsylvania Financial Responsibility Law, related to liability insurance, and that defendant failed to determine whether Hodges had a valid Pennsylvania driver's license, defendant cannot be held responsible for the injuries sustained by plaintiff in the accident.

Plaintiff responds that defendant was guilty of negligent entrustment. Plaintiff contends that defendant engaged in negligent leasing practices when it leased the subject vehicle to Hodges. Plaintiff argues that defendant had a duty under the Pennsylvania Financial Responsibility Act to see that Hodges was insured, that defendant breached that duty, and that defendant is, therefore, responsible for the injuries sustained by plaintiff in the accident.[3] Plaintiff also points to the lease agree-

aforesaid motor vehicle accident was the result of the negligence of Kenneth R. Hodges, which negligence must be impuded [sic] to the defendant for having allowed him to come into possession of its motor vehicle under the circumstances described above."

3. It is interesting to note that the argument contained in plaintiff's memorandum of law does not really address the question of defendant's failure to determine whether Hodges had a valid Pennsylvania driver's license. Perhaps, this is because the lease agreement indicates that Hodges had a valid Maryland license.

ment between Hodges and defendant and suggests that the agreement itself raises questions about the residence of Hodges, the term of the lease and the insurance coverage on the vehicle which would permit the fact-finder to conclude that defendant was guilty of negligent entrustment. In addition, plaintiff argues that the fact that Hodges fled the scene of the accident and subsequently abandoned the leased vehicle, a fact contained in the police report, is another indication that defendant was guilty of negligent entrustment.

After a thorough review of the applicable law, we are compelled to conclude that defendant is correct.

In the case *Jahn v. O'Neil and VIP Car Rental Inc.*, 227 Pa. Super. 357, 475 A.2d 837 (1984), our Superior Court made the following observation concerning the imposition of liability on one who owns a motor vehicle:

"To impose liability on a person for an injury resulting from the operation of a motor vehicle, 'he must, except where liability is otherwise imposed by statute, either be in actual operation thereof or in control thereof or stand in the relation of a master or principal to the person whose act occasions the injury.' . . . Thus, the lessor of a motor vehicle is generally not liable for the negligence of a lessee while operating the vehicle. . . . A lessor may be held liable, however, for the lessor's own negligence in leasing the vehicle for use by a person whom the lessor has reason to know is incompetent."

Plaintiff's theory of liability in this matter is that of negligent entrustment. Section 390 of the Restatement (Second) of Torts deals with negligent entrustment and provides as follows:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely,

because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others, whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

Comment C to section 390 provides, in part, as follows concerning the application of the rule:

"The rule stated in this section sets out the conditions under which the supplier of a chattel is subject to liability. *As always, this phase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of,* and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor." (emphasis supplied)

It is obvious that before liability can attach under section 390, defendant must either know or have reason to know that the person to whom the chattel is being entrusted will, for whatever reason, be incompetent or incapable of properly handling the chattel and, because of this, will be likely to hurt someone with the chattel. In addition, the incompetence which defendant is negligent in failing to discover must be a substantial factor in causing plaintiff's harm. A number of Pennsylvania cases have dealt with the theory of negligent entrustment as related to the entrustment of motor vehicles. These cases have generally followed the Restatement and required that a defendant who is entrusting the vehicle have knowledge or reason to know at the time that the vehicle is turned over that the person to whom the vehicle is being entrusted is incompetent to drive properly or likely to drive improperly. See *Wertz v. Kephart,* 374 Pa. Super. 274, 542 A.2d 1019 (1988) (evidence of entrustee's

intoxication at time of entrustment and evidence of drinking between time of entrustment and accident admissible to prove negligent entrustment); *Robare v. Pekarcik,* 109 Pa. Commw. 87, 530 A.2d 534 (1987) (actual knowledge on part of entrustor of automobile regarding intoxication of entrustee required to establish negligent entrustment, knowledge not imputed); *Gibson v. Bruner,* 406 Pa. 315, 178 A.2d 145 (1961) (liability of entrustor is based solely upon knowledge at the time of the entrustment); *Littles v. Avis Rent-A-Car,* 433 Pa. 72, 248 A.2d 837 (1969) (proof that lessor knew at time of entrustment that lessee was inexperienced in driving large truck necessary to show negligent entrustment). The cases have also required that there be some evidence to establish that the injury-producing accident was caused by the incompetence which defendant was negligent in failing to protect against. *Littles v. Avis Rent-A-Car, supra.*

In the instant case, plaintiff's complaint specifically alleges the two things that defendant failed to do which plaintiff contends establish that defendant was guilty of negligent entrustment. First, defendant failed to determine that the lessee had a valid Pennsylvania driver's license. Second, defendant failed to ensure that the lessee complied with the Pennsylvania Financial Responsibility Law. Plaintiff also alleges that the lessee's negligence must be imputed to defendant, because defendant allowed the lessee to come into possession of the subject motor vehicle.

Addressing first the effect of defendant's failure to determine whether the lessee had a valid Pennsylvania driver's license, there is no indication in this record that lessee had a valid Pennsylvania driver's license. However, lessee did have a valid Maryland driver's license. The lease agreement, which is not

in dispute, indicates that on August 1, 1986, at the time that defendant entrusted the automobile to the lessee Hodges, Hodges produced his Maryland driver's license, license no. H-322-465-734-202, for defendant's representative. The record further indicates that his license was valid until March 18, 1987. We are aware of no requirement that all persons leasing motor vehicles in Pennsylvania must have a valid Pennsylvania driver's license. Moreover, we are satisfied that the existence of a valid Maryland driver's license is sufficient, as a matter of law, to foreclose any suggestion that defendant was guilty of negligent entrustment for leasing a vehicle to an unlicensed driver.[4]

Turning next to plaintiff's assertion that defendant was guilty of negligent entrustment for failing to ensure that the lessee had complied with the Pennsylvania Financial Responsibility Law, we see nothing in this record from which we can conclude that the lessee's failure to have insurance had anything to do with the happening of this accident. Moreover, plaintiff has pointed to nothing which would compel us to reach such a conclusion. Plaintiff simply argues that the law requires that owners of motor vehicles must see that those vehicles are covered by insurance under penalty of revocation or suspension of registration. Although plaintiff may be correct that the failure to have insurance coverage is a violation of the law, it does not follow that all people who operate motor vehicles without insur-

---

4. Even entrusting a motor vehicle to an unlicensed driver is not in and of itself negligent entrustment. In the case of *Chamberlain v. Riddle,* 155 Pa. Super. 507, 38 A.2d 521 (1944), our Superior Court held that mere proof that a vehicle is given to an unlicensed driver does not establish negligent entrustment. Additional circumstances indicating that the driver is incompetent to drive are necessary in order to submit the issue to the jury.

ance are incompetent drivers. We can see no relationship in this case between the existence or non-existence of insurance coverage and the ability to properly operate the subject automobile. Therefore, even assuming that defendant was negligent in failing to determine that the lessee had the requisite insurance coverage, we are compelled to conclude, based upon this record, that such negligence was not the factual cause or the legal cause of the accident and injuries sustained by plaintiff.

Next, plaintiff argues that, under all of the circumstances of this case, the careless and negligent driving of the lessee must be imputed to defendant because defendant allowed the lessee to come into possession of its motor vehicle. Plaintiff has offered no authority for this proposition, and we are aware of none. As the above-recited portion of *Jahn v. O'Neil and VIP Car Rental, supra,* indicates, the general rule is that a lessor is not liable for the negligence of a lessee while operating the leased vehicle. We can see nothing in the record of this case, and plaintiff has pointed to nothing, which would justify the conclusion that the lessor/lessee relationship between Hodges and defendant required the application of a different rule.

Finally, plaintiff argues that the lease agreement itself raises factual issues which preclude the granting of a motion for summary judgment. Plaintiff argues that the entries on the lease agreement raise questions about the term of the lease, the address of the lessee and the identity of the insurance company and that these, in turn, raise questions regarding the circumstances under which defendant leased the subject vehicle. Plaintiff contends that because of these questions, the case should be submitted to a jury. Again, we disagree.

Even assuming that plaintiff is correct, that the

lease agreement itself raises certain questions concerning the term of the lease, the address of the lessee and the insurance coverage of lessee, plaintiff has failed to enlighten us on how any of these things, either individually or collectively, could reasonably lead to the conclusion that defendant knew or should have known that it was leasing an automobile to an incompetent driver.[5]

For all of these reasons we granted defendant's motion for summary judgment.

---

5. After reviewing the lease agreement, we have difficulty agreeing with plaintiff that significant questions are raised concerning the address of the lessee, the term of the lease and the identity of the insurance company.