*898 OPINION OF THE COURT
Jaime A. Rios, J.
In this CPLR article 75 proceeding to stay uninsured motorist arbitration demanded by its insured, respondent Sue Chris Ramnarain, petitioner Progressive Northeastern Insurance Company contends that Ramnarain’s vehicle did not come into physical contact with a phantom vehicle, or in the alternative that the vehicle so involved was insured. By order of this court (Rios, J.) dated January 17, 2006 and entered January 19, 2006, Progressive was granted permission to add National Casualty Company, Thrifty Car Rental, Dollar Rent A Car and Eric Westlind* as parties for the purpose of determining whether a rental vehicle insured by National was involved in the alleged underlying accident.
On November 6, 2006, a framed-issue hearing was held on the matters raised by Progressive. Ramnarain testified that at about 11:00 a.m., on July 5, 2004, he was operating a 2003 Nissan Pathfinder traveling westbound on Interstate Highway 80 through Pennsylvania when a red automobile traveling on his right struck the rear passenger side of his vehicle. Ramnarain maintained that the red vehicle, driven by a female, proceeded westbound without stopping. Ramnarain identified the vehicle as bearing Pennsylvania license plate number FSV0483.
A rental agreement dated July 3, 2004 was entered into evidence. The rental agreement disclosed that, on said date, ABET Gooby Auto Rentals, Inc./Thrifty Car Rental rented a 2005 red Corolla, bearing license plate number FSV0483, to Hilliard Kinsler Odom. According to the contract, the rental term was for a period of one week. The contract further disclosed that Odom was offered, but declined to purchase any, insurance coverage for the rental vehicle. It is undisputed that Odom is a male.
Christopher Nash testified on behalf of Thrifty. He averred that his review of the records kept by the rental company reflected that the vehicle identified by Ramnarain was owned by General American Rentals, the parent company of Thrifty, and that the vehicle was covered by a liability policy issued by National. According to Nash, the National policy only covered authorized drivers of the rented vehicle, which in this case would be Odom.
*899 A review of the rental contract for the Odom vehicle reads in pertinent part as follows: “The car may be driven only by an authorized renter. An authorized renter is (I) Me; (II) My spouse; or (III) a person who has appeared at the time of the rental and has signed this rental agreement.”
Contentions
Progressive avers that the adverse vehicle involved in the subject accident was owned by Thrifty and insured by National. Thrifty maintains that there is insufficient evidence to establish that the Thrifty automobile was involved in the subject loss. It further contends that notwithstanding a finding that it was involved, no coverage under the National policy would attach as the vehicle was not being operated by an authorized driver at the time of the purported accident. Ramnarain argues that the petition should be denied because under the applicable law of Pennsylvania, no vicarious liability attaches to the owner of a vehicle involved in an accident, and a plaintiff must identify the alleged negligent operator of the vehicle involved. It is contended that while the operator of the adverse vehicle was described as a female, her identity remains undetermined.
Decision
Ramnarain’s testimony that his automobile was struck by a vehicle ultimately identified as owned by Thrifty and insured through National is unrefuted. Whether National is obliged to defend and indemnify for the subject collision poses a choice-of-law question for the court.
The respondent Ramnarain is a New York resident. At the time of the occurrence, he was operating a vehicle registered in New York and insured by a New York policy of insurance. The accident took place in Pennsylvania, and the adverse vehicle was registered in Pennsylvania. The rental contract for the adverse vehicle was entered into in Pennsylvania, and the National policy of insurance was contracted in Pennsylvania.
The relevant portion of the New York Vehicle and Traffic Law imposes vicarious liability on the owner of a motor vehicle negligently operated within the state. In substance it provides that every owner of a vehicle used or operated in this state shall be liable and responsible for injuries to person or property resulting from negligence in the use of such vehicle by any person with the express or implied permission of such owner (Vehicle and Traffic Law § 388).
*900 Under Pennsylvania law, by contrast, vicarious liability does not attach. To impose liability on a person for an injury resulting from the operation of a motor vehicle, he must either be in the actual operation thereof or in the control thereof, or stand in the relation of master or principal to the person whose act occasions the injury, unless liability is otherwise imposed by statute. The lessor of a motor vehicle is generally not liable for the negligence of a lessee while operating the vehicle (see Littles v Avis Rent-A-Car Sys., 433 Pa 72, 248 A2d 837 [1969]), unless it can be demonstrated that the lessor was negligent in leasing the vehicle to a person whom the lessor knew was incompetent (see John v O’Neill, 327 Pa Super 357, 475 A2d 837 [1984]).
The laws of New York and Pennsylvania are in conflict with respect to the resolution of the issue of vicarious liability. In considering which law to apply the court must perform a Neumeier analysis (see Neumeier v Kuehner, 31 NY2d 121 [1972]). In Neumeier, the Court recognized that the conduct of domiciliaries within their own state which does not cast them liable, should not result in liability by reason that liability would be imposed under the tort law of the state of the victim’s domicile (see Tooker v Lopez, 24 NY2d 569 [1969]). If the parties are domiciled in different states with conflicting laws, the law applied will usually be determined by the situs of the tort, unless displacing it will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants (see, Neumeier v Kuehner, 31 NY2d 121 [1972], supra). Here there is no demonstrated public policy for ignoring the law of Pennsylvania. Accordingly, applying the law of Pennsylvania to the facts presented, there is no evidence to support a claim that the driver was Thrifty’s servant or employee, or that Thrifty was negligent in the rental of the adverse vehicle to Odom. As such, vicarious liability cannot be imposed on Thrifty and its insurer is not obligated to provide indemnification.
Based upon the foregoing, the petition is denied, the proceeding is dismissed, and Ramnarain may proceed to arbitration upon the completion of any outstanding discovery demanded in the petition.

 Progressive originally believed that the renter was Westlind, but on the eve of trial the relevant rental contract was produced reflecting Hilliard Kinsler Odom as the lessee.