**Mussone v. Deetz**

*George W. Westervelt Jr.,* for plaintiff.
*Catherine T. Carey,* for defendant Deetz.
*Timothy P. Mullin,* for defendant Able Rent A Car.

WALLACH MILLER, *J.,* July 17, 2007—On January 20, 2005, defendant David Deetz rented a vehicle from defendant Able Rent A Car Inc. in New Jersey. Two days later, on January 22, 2005, Deetz went through a stop sign in Stroud Township, Monroe County striking a vehicle operated by Keith Stuart, pushing Stuart's vehicle into the front end of plaintiff's vehicle. Plaintiff's vehicle was then pushed backwards into the front of another vehicle operated by David Murawski which was stopped behind her. Defendant Deetz filed an answer to plaintiff's complaint which did not deny the accident but

denied any allegations of negligence. Defendant Able Rent A Car filed an answer denying any negligence and raised as new matter the rental contract conditions. In plaintiff's reply to new matter, plaintiff alleges that Deetz pled guilty to driving under the influence following the accident.

Plaintiff's complaint against Able Rent A Car Inc. contends that defendant Able Rent A Car should be liable for injuries sustained because they are contractually liable for the acts of those renting its vehicles. Defendant Able Rent A Car Inc. filed a motion for summary judgment contending that there is no issue of material fact because defendant Deetz was not an agent, servant, employee or workman of their company and as such because the only relationship that existed between the two defendants was that of rentor/rentee, all claims against them should be dismissed.

The Rules of Civil Procedure provide that after the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would

require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The moving party bears the burden of proving the nonexistence of any genuine issue of material fact. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. The Pennsylvania Supreme Court has stated quite plainly that "[f]ailure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law." *Young v. PennDOT,* 560 Pa. 373, 376, 744 A.2d 1276, 1277 (2000).

Also, in determining whether to grant summary judgment, a trial court must examine the record in a light most favorable to the non-movant and resolve all doubts against the moving party. *IEJ Corp. v. Laserow,* 2006 WL 52822 (2006). A motion for summary judgment may be granted where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 562 A.2d 279 (1989). Only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643 (Pa. Super. 2002). Therefore, in this case, plaintiff must produce facts, which, viewed in the light most favorable to her, would be sufficient to establish a genuine issue of material fact essential to her cause of action against defendant Able Rent A Car Inc.

In Pennsylvania, to impose liability on a person for an injury resulting from the operation of a motor vehicle,

"he must, *except where liability is otherwise imposed by statute,* either be in the actual operation thereof or in the control thereof, or stand in the relation of master or principal to the person whose act occasions the injury." *Jahn v. O'Neill,* 327 Pa. Super. 357, 359, 475 A.2d 837, 838 (1984) (emphasis in original); *Littles v. Avis Rent-A-Car System,* 433 Pa. 72, 248 A.2d 837 (1969). Thus, the lessor of a motor vehicle is generally not liable for the negligence of a lessee while operating the vehicle. *Id.* A lessor may be held liable, however, for the lessor's *own* negligence in leasing the vehicle for use by a person whom the lessor has reason to know is incompetent. *Id.*

In the case at bar, plaintiff does not contend that defendant Able Rent A Car Inc. should be held vicariously liable for defendant Deetz' actions nor that defendant Able Rent A Car Inc. was liable under section 390 of the Restatement (Second) of Torts for negligently renting the vehicle to defendant Deetz. Plaintiff's theory is one of contract law. Plaintiff contends that according to the rental agreement, defendant Able Rent A Car Inc. has a financial responsibility to plaintiff. The section of the rental agreement that plaintiff relies on states:

"Renter warrants that renter has insurance that covers the rental vehicle and agrees that such insurance shall be considered primary insurance and renter shall be liable for any damage occurring as a result of use of the rented vehicle. Any obligation of lessor hereunder shall be secondary. Renter also specifically assigns to lessor all rights under renter's policy, including, without limitation, personal injury, property damage, comprehensive and

collision coverages. Lessor is hereby authorized to negotiate any settlement for and on behalf of renter to the extent of lessor's liability to any third party as a result of the use of the vehicle by the renter."

It is true that in reading this paragraph alone, defendant Able Rent A Car Inc. would be secondarily liable for those damages that may occur while defendant Deetz is in possession of the vehicle. On the other hand, in reading this statement with the entire rental agreement, defendant Able Rent A Car would not be liable for injuries to third parties as a result of defendant Deetz' actions. Also, unfortunately for plaintiff, because defendant Deetz was charged with and pled guilty to driving under the influence in relation to this accident, certain rules under the rental agreement apply. Section four of the rental agreement states:

"(4) The following restrictions/prohibitions are cumulative and each shall apply to every use, operation or driving of the vehicle. *Rentor shall be fully liable* for and will reimburse lessor for all loss or damage arising from the use and the operation of the rented vehicle for any violation of the prohibited uses set forth below: . . .

"(d) While either rentor or any person, having consumed and/or under the influence of alcohol, intoxicants, drugs, narcotics, prescription medications, or falling asleep at the wheel . . . ."

Because defendant Deetz in this case was operating the vehicle while intoxicated, any liability that defendant Able Rent A Car may have had is null and void under the rental agreement that defendant Deetz signed. Defendant Deetz is solely liable for the results of his actions.

Therefore, because defendant Able Rent A Car is not liable for the injuries to plaintiff, there would be no issue of material fact and therefore, defendant Able Rent A Car's motion for summary judgment should be granted.

## ORDER

AND NOW, July 17, 2007, the motion for summary judgment of defendant Able Rent A Car Inc. is granted.